**MICHELLE BETANCOURT**
California State Bar No. 215035
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
michelle_betancourt@fd.org

Attorneys for Mr. Valdes

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE IRMA E. GONZALEZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 08CR2204-IEG |
| Plaintiff, ) | Date: August 11, 2008 |
| ) | Time: 2:00 p.m. |
| v. ) | |
| ) | **NOTICE OF MOTIONS AND** |
| ERNESTO VALDES, JR., ) | **MOTIONS TO:** |
| ) | |
| Defendant. ) | **(1) SUPPRESS STATEMENTS;** |
| ) | **(2) COMPEL DISCOVERY; AND** |
| ) | **(3) GRANT LEAVE TO FILE FURTHER MOTIONS** |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
CAROLINE HAN, ASSISTANT UNITED STATES ATTORNEY:

**PLEASE TAKE NOTICE** that, on August 11, 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard, the accused, Ernesto Valdes, Jr., by and through her attorneys, Michelle Betancourt and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the motions outlined below.

//

//

//

**MOTIONS**

Defendant, Mr. Valdes, by and through his attorneys, Michelle Betancourt and Federal Defenders of San Diego, Inc., pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for an order to:

(1) Suppress Statements;
(2) Compel Discovery; and
(3) Grant Leave to File Further Motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and any and all other materials that may come to this Court's attention at or before the time of the hearing on these motions.

Respectfully submitted,

DATED: July 28, 2008

*/s/ Michelle Betancourt*
**MICHELLE BETANCOURT**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Valdes
E-mail: michelle_betancourt@fd.org

1  **MICHELLE BETANCOURT**
   California State Bar No. 215035
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, California 92101-5008
   Telephone: (619) 234-8467
4  michelle_betancourt@fd.org

5  Attorneys for Mr. Valdes

 

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE IRMA E. GONZALEZ)**

| UNITED STATES OF AMERICA, | ) | Case No.: 08CR2204-IEG |
|---|---|---|
| Plaintiff, | ) | Date:  August 11, 2008 |
|  | ) | Time:  2:00 p.m. |
| v. | ) |  |
| ERNESTO VALDES, JR. | ) | **STATEMENT OF FACTS AND POINTS AND** |
|  | ) | **AUTHORITIES IN SUPPORT OF MOTIONS** |
| Defendant. | ) |  |

**I.**

**STATEMENT OF FACTS**

On June 5, 2008, at about 8:30 a.m., Mr. Valdes arrived at the Calexico West Port of Entry driving a 2000 Toyota Tacoma. After a cursory inspection, the primary inspector referred Mr. Valdes to the secondary inspection area for a more thorough search.

At about 8:35 a.m., the secondary inspection officer conducted a more thorough inspection of the truck. During his search, he noted that the spare tire seemed hard and no vibration could be felt. Upon further inspection, the officer found a 20 packages hidden inside the spare tire. The packages tested positive for cocaine and weighed approximately 23.75 kilos.

Mr. Valdes was escorted into the secondary inspection office and made to wait until he was interrogated by Special Agent Behm. Based on the discovery thus far, it does not appear that Mr. Valdes made any statements.

On July 2, 2008, the June 2008 Grand Jury panel issued an indictment charging Mr. Valdes with violating 21 U.S.C. §§ 952 and 960, Importation of Cocaine, and 21 U.S.C. §841(a)(1), possession with intent to distribute. Mr. Valdes has pled not guilty to these charges.

As of today, Mr. Valdes has only received **20** pages of discovery. These motions follow.

## II.
## MOTION TO SUPPRESS STATEMENTS

Mr. Valdes moves to suppress any statements made at the time of his arrest on the grounds that his Miranda waiver was not knowing, intelligent, and voluntary. Moreover, Mr. Valdes moves to suppress any other statements made on the grounds that those statements were not made voluntarily.

**A.     The Government must demonstrate compliance with *Miranda*.**

In order for any statements made by Mr. Valdes to be admissible against her, the government must demonstrate that they were obtained in compliance with the Miranda decision.

**1.     Mr. Valdes' Waiver Must Be Voluntary, Knowing, and Intelligent.**

Based on the discovery provided thus far, the question remains whether Mr. Valdes waiver was voluntary, knowing, and intelligent. See Schneckloth v. Bustamonte, 412 U.S. 218 (1973). When interrogation continues without the presence of an attorney, and a statement results, the government has a heavy burden to demonstrate that the defendant has intelligently and voluntarily waived his privilege against self-incrimination. Miranda, 384 U.S. at 475. The court must indulge every reasonable presumption against waiver of fundamental constitutional rights, so the burden on the government is great. United States v. Heldt, 745 F. 2d 1275, 1277 (9th Cir. 1984).

In determining whether a waiver is voluntary, knowing, and intelligent, the court looks to the totality of the circumstances surrounding the case. Edwards v. Arizona, 451 U.S. 477 (1981); United States v. Garibay, 143 F.3d 534 (9th Cir. 1998). The Ninth Circuit has held that determination of the validity of a Miranda waiver requires a two prong analysis: the waiver must be both (1) voluntary and (2) knowing and intelligent. Derrick v. Peterson, 924 F. 2d 813 (9th Cir. 1990). The second prong requires an inquiry into whether "the waiver [was] made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." Id. at 820-821 (quoting Colorado v. Spring, 479 U.S. 564, 573 (1987)). Not only must the waiver be uncoerced, then, it must also involve a "requisite level of

1 comprehension" before a court may conclude that Miranda rights have been legitimately waived.  Id.
2 (quoting Colorado v. Spring, 479 U.S. at 573).

3 Unless and until Miranda warnings and a knowing and intelligent waiver are demonstrated by the
4 prosecution, no evidence obtained as a result of the interrogation can be used against the defendant.
5 Miranda, 384 U.S. at 479.  The government in this case must prove that Mr. Valdes waived his rights
6 intelligently and voluntarily.  Mr. Valdes disputes any allegation that his waiver was knowing, intelligent,
7 and voluntarily.

**2. Mr. Valdes' Statements Must be Voluntary.**

9 Even if Mr. Valdes's statements were made after a voluntary, knowing, and intelligent waiver, they
10 must have been made voluntarily, or they must be suppressed.  The Supreme Court has held that even where
11 the procedural safeguards of Miranda are satisfied, a defendant in a criminal case is deprived of due process
12 of law if his conviction is founded on involuntary statements.  Arizona v. Fulminante, 499 U.S. 279 (1991);
13 Jackson v. Denno, 378 U.S. 368, 387 (1964); see also United States v. Davidson, 768 F.2d 1266, 1269 (11th
14 Cir. 1985)("an accused is deprived of due process if his conviction rests wholly or partially upon an
15 involuntary confession, even if the statement is true, and even if there is ample independent evidence of
16 guilt.").  The government has the burden of proving that statements are voluntary by a preponderance of the
17 evidence.  Lego v. Twomey, 404 U.S. 477, 483 (1972).  An accused's confession must result from an
18 "independent and informed choice of his own free will, possessing the capability to do so, his will not being
19 overborne by the pressures and circumstances swirling around him."  Martin v. Wainwright, 770 F. 2d 918,
20 924 (11th Cir. 1985), modified, 781 F. 2d 185 (11th Cir.)  (quotations omitted).

21 To be considered voluntary, a statement must be the product of a rational intellect and a free will.
22 Blackburn v. Alabama, 361 U.S. 199, 208 (1960).  In determining whether a defendant's will was overborne
23 in a particular case, the court must consider the totality of the circumstances.  Schneckloth v. Bustamonte,
24 412 U.S. 218, 226 (1973).[1]  A confession is deemed involuntary not only if coerced by physical intimidation,

---

[1] Among the factors which are considered are the youth of the accused, his lack of education, his low intelligence, the lack of any advice to the accused of his constitutional rights, the length of the detention, the repeated and prolonged nature of questioning, and the use of physical punishment such as deprivation of food or sleep.

but also if achieved through psychological pressure. "The test is whether the confession was 'extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence.'" Hutto v. Ross, 429 U.S. 28, 30 (1976) (quoting Bram v. United States, 168 U.S. 532, 542-43 (1897)); accord, United States v. Tingle, 658 F.2d 1332, 1335 (9th Cir. 1981). Here, Mr. Valdes's statements were involuntary. An evidentiary hearing in this case will reveal this case is indistinguishable from United States v. Tingle, 658 F.2d 1332 (9th Cir. 1981). Accordingly, suppression of Mr. Valdes's statements is required.

**B.     This Court Must Conduct an Evidentiary Hearing.**

Under 18 U.S.C. § 3501(a), this Court is required to determine, outside the presence of the jury, whether any statements made by Mr. Valdes are voluntary. In addition, section 3501(b) requires this Court to consider various enumerated factors, including whether Mr. Valdes understood the nature of the charges against his and whether he understood his rights. Without evidence, this Court cannot adequately consider these statutorily mandated factors.

Moreover, section 3501(a) requires this Court to make a factual determination. Where a factual determination is required, courts are obligated to make factual findings by Fed. R. Crim. P. 12. See United States v. Prieto-Villa, 910 F.2d 601, 606-10 (9th Cir. 1990). Because "`suppression hearings are often as important as the trial itself,'" Id. at 610 (quoting Waller v. Georgia, 467 U.S. 39, 46 (1984)), these findings should be supported by evidence, not merely an unsubstantiated recitation of purported evidence in a prosecutor's responsive pleading.

## III.

## MOTION TO COMPEL DISCOVERY

Mr. Valdes moves for the production of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

(1) The Defendant's Statements. The Government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the

1 defendant which the Government intends to offer in evidence at trial; any response by the defendant to
2 interrogation; the substance of any oral statements which the Government intends to introduce at trial and
3 any written summaries of the defendant's oral statements contained in the handwritten notes of the
4 Government agent; any response to any Miranda warnings which may have been given to the defendant; as
5 well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee
6 Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all the defendant's
7 statements, whether oral or written, regardless of whether the government intends to make any use of those
8 statements.

9   (2) Arrest Reports, Notes and Dispatch Tapes. The defendant also specifically requests the
10 Government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate
11 to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to,
12 any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any
13 other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A)
14 and Brady v. Maryland, 373 U.S. 83 (1963). The Government must produce arrest reports, investigator's
15 notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining
16 to the defendant. See Fed. R. Crim. P. 16(a)(1)(B) and (c), Fed. R. Crim. P. 26.2 and 12(I).

17   (3) Brady Material. The defendant requests all documents, statements, agents' reports, and tangible
18 evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the
19 Government's case. Under Brady, impeachment as well as exculpatory evidence falls within the definition
20 of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs,
21 427 U.S. 97 (1976).

22   (4) Any Information That May Result in a Lower Sentence Under The Guidelines. The Government
23 must produce this information under Brady v. Maryland, 373 U.S. 83 (1963). This request includes any
24 cooperation or attempted cooperation by the defendant as well as any information that could affect any base
25 offense level or specific offense characteristic under Chapter Two of the Guidelines. The defendant also
26 requests any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal
27 history, and information relevant to any other application of the Guidelines.
28

1    (5) <u>The Defendant's Prior Record</u>.  The defendant requests disclosure of his prior record. Fed. R.
2 Crim. P. 16(a)(1)(B).

3    (6) <u>Any Proposed 404(b) Evidence</u>.  The government must produce evidence of prior similar acts
4 under Fed. R. Crim. P. 16(a)(1)(c) and Fed. R. Evid. 404(b) and 609.  In addition, under Rule 404(b), "upon
5 request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the
6 general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.
7 The defendant requests that such notice be given three (3) weeks before trial in order to give the defense time
8 to adequately investigate and prepare for trial.

9    (7) <u>Evidence Seized</u>.  The defendant requests production of evidence seized as a result of any search,
10 either warrantless or with a warrant.  Fed. R. Crim. P. 16(a)(1)(c).

11    (8) <u>Tangible Objects</u>.  The defendant requests the opportunity to inspect and copy as well as test, if
12 necessary, all other documents and tangible objects, including photographs, books, papers, documents,
13 fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended
14 for use in the Government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim.
15 P. 16(a)(2)(c).

16    (9) <u>Evidence of Bias or Motive to Lie</u>.  The defendant requests any evidence that any prospective
17 Government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his
18 or his testimony.

19    (10) <u>Impeachment Evidence</u>.  The defendant requests any evidence that any prospective Government
20 witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness
21 has made a statement favorable to the defendant.  <u>See</u> Fed R. Evid. 608, 609 and 613; <u>Brady v. Maryland</u>,
22 <u>supra</u>.

23    (11) <u>Evidence of Criminal Investigation of Any Government Witness</u>.  The defendant requests any
24 evidence that any prospective witness is under investigation by federal, state or local authorities for any
25 criminal conduct.

26    (12) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>.  The
27 defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show
28

that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

(13) <u>Witness Addresses</u>.  The defendant requests the name and last known address of each prospective Government witness.  The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a Government witness.

(14) <u>Name of Witnesses Favorable to the Defendant</u>.  The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him who was unsure of his identity, or participation in the crime charged.

(15) <u>Statements Relevant to the Defense</u>.  The defendant requests disclosure of any statement relevant to any possible defense or contention that he might assert.

(16) <u>Jencks Act Material</u>.  The defendant requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1).  <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963).  In <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

(17) <u>Giglio Information</u>.  Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any Government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any Government witnesses.

(18) <u>Agreements Between the Government and Witnesses</u>.  The defendant requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding

1 relating to criminal or civil income tax, forfeiture or fine liability, between any prospective Government
2 witness and the Government (federal, state and/or local). This request also includes any discussion with a
3 potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain,
4 even if no bargain was made, or the advice not followed.

5 (19) Informants and Cooperating Witnesses. The defendant requests disclosure of the names and
6 addresses of all informants or cooperating witnesses used or to be used in this case, and in particular,
7 disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime
8 charged against Mr. Valdes. The Government must disclose the informant's identity and location, as well
9 as disclose the existence of any other percipient witness unknown or unknowable to the defense. Roviaro
10 v. United States, 353 U.S. 53, 61-62 (1957). The Government must disclose any information derived from
11 informants which exculpates or tends to exculpate the defendant.

12 (20) Bias by Informants or Cooperating Witnesses. The defendant requests disclosure of any
13 information indicating bias on the part of any informant or cooperating witness. Giglio v. United States, 405
14 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments or threats
15 were made to the witness to secure cooperation with the authorities.

16 (21) Government Examination of Law Enforcement Personnel Files. Mr. Valdes requests that the
17 Government examine the personnel files and any other files within its custody, care or control, or which
18 could be obtained by the government, for all testifying witnesses, including testifying officers.
19 Mr. Maldonado-Perez requests that these files be reviewed by the Government attorney for evidence of
20 perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any
21 information that is exculpatory, pursuant to its duty under United States v. Henthorn, 931 F.2d 29 (9th Cir.
22 1991). The obligation to examine files arises by virtue of the defense making a demand for their review:
23 the Ninth Circuit in Henthorn remanded for in camera review of the agents' files because the government
24 failed to examine the files of agents who testified at trial. This Court should therefore order the Government
25 to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that
26 is exculpatory to Mr. Valdes prior to trial. Mr. Valdes specifically requests that the prosecutor, not the law
27 enforcement officers, review the files in this case. The duty to review the files, under Henthorn, should be
28

1 the prosecutor's. Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request.

(22) <u>Expert Summaries</u>. Defendant requests written summaries and results of any experiments of all expert testimony that the government intends to present under Federal Rules of Evidence 702, 703 or 705 during its case in chief, written summaries of the bases for each expert's opinion, and written summaries of the experts' qualifications. Fed. R. Crim. P. 16(a)(1)(E). This request includes, but is not limited to, fingerprint expert testimony.

(23) <u>Residual Request</u>. Mr. Valdes intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Rule 16. Mr. Valdes requests that the Government provide him and his attorney with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

## IV.

## MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

Defense counsel requests leave to file further motions and notices of defense based upon information gained in the discovery process. To date, counsel has not only received **20 pages** of discovery from the government in this matter.

## V.

## CONCLUSION

For these and all the foregoing reasons, the defendant, Mr. Valdes, respectfully requests that this court grant his motions and grant any and all other relief deemed proper and fair.

Respectfully submitted,

DATED: July 28, 2008

 */s/ Michelle Betancourt*
**MICHELLE BETANCOURT**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Valdes
E-mail: michelle_betancourt@fd.org

1  **MICHELLE BETANCOURT**
   California State Bar No. 215035
2  FEDERAL DEFENDERS OF SAN DIEGO, INC.
   225 Broadway, Suite 900
3  San Diego, California 92101-5008
   Telephone: (619) 234-8467 Ext. 3737
4  Facsimile:  (619) 687-2666
   michelle_betancourt@fd.org
5
6  Attorneys for Defendant
7
8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10
11 | UNITED STATES OF AMERICA, | ) | Case No. 08CR2204-IEG
12 |          Plaintiff,       | ) |
13 | v.                        | ) | PROOF OF SERVICE
14 | **ERNESTO VALDES, JR.**,  | ) |
15 |          Defendant.       | ) |

17         Counsel for Defendant certifies that the foregoing pleading is true and accurate to the
18 best of her information and belief, and that a copy of the foregoing document has been served via
19 CM/ECF this day upon:

20
            Caroline Han
21          U S Attorney CR
            Caroline.Han@usdoj.gov; Efile.dkt.gc2@usdoj.gov
22

23 Dated:   July 28, 2008                      *s/ Michelle Betancourt*
                                               MICHELLE BETANCOURT
24                                             Federal Defenders
                                               225 Broadway, Suite 900
25                                             San Diego, CA 92101-5030
                                               (619) 234-8467  (tel)
26                                             (619) 687-2666  (fax)
                                               e-mail: michelle_betancourt@fd.org
27
28